**STATE of Alaska, Appellant,**

v.

**ALASKA PUBLIC EMPLOYEES ASSO-CIATION, Edward B. Coleman, Don Allen, Joe Anderson, Loy R. Bolt, Dwane Burgess, Frank Byerly, David Cooper, Harold Fencl, Fred C. Fowler, Tom Furbush, Steve Kosenic, Kurt Masingill, Homer Mayo, Ron Murry, Paul Tannenbaum, Jerry Velez, and Stan Wells, Appellees.**

**No. 5810.**

Supreme Court of Alaska.

May 7, 1982.

Dean J. Guaneli, Asst. Atty. Gen., Daniel W. Hickey, Chief Prosecutor and Wilson L. Condon, Atty. Gen., Juneau, for appellant.

John E. Casperson, Juneau, for appellees.

Before BURKE, C. J., and RABINOWITZ, CONNOR, MATTHEWS and COMPTON, JJ.

## OPINION

MATTHEWS, Justice.

The Commissioner of the Department of Health and Social Services has propounded a Firearms Policy concerning the carrying of concealed firearms by Probation-Parole officers, which restricts the carrying of firearms to very limited circumstances. The Appellees, seventeen probation-parole officers and their employee association challenged this policy in the Superior Court. The court found the policy to be unworkable, "restrictive," "useless" and, after reference of the dispute to a special master, propounded its own firearms policy and ordered the Commissioner to implement it. From this order the State has appealed. We reverse.

Alaska's Probation Administration Act governs this case.

AS 33.05.010 provides:

*Powers of commissioner.* The commissioner shall administer a probation system and enforce the probation laws in the superior court.

AS 33.05.020 provides in part:

(b) The commissioner shall fix probation officers' and assistants' salaries, assign them to the various judicial districts, and shall provide for their necessary expenses including clerical services and travel. He may assign to all probation officers and personnel any duties concerning the administration of the parole system as provided in the Parole Administration Act.

AS 33.05.030 provides in part:

(a) All probation officers made available to the courts under this chapter shall be officers of the superior court and subject to the authority of the superior court.

AS 33.05.040 provides:

*Duties of probation officers.* A probation officer shall

(1) furnish to each probationer under his supervision a written statement of the conditions of probation and shall instruct him regarding the same;

(2) keep informed concerning the conduct and condition of each probationer under his supervision and shall report on him to the court placing such person on probation;

(3) use all suitable methods, not inconsistent with the conditions imposed by the court, to aid probationers and to bring about improvements in their conduct and condition;

(4) keep records of his work, keep accurate and complete accounts of all money collected from persons under his supervision, give receipts for money collected and make at least monthly returns of it, make the reports to the court and the commissioner required by them, and perform other duties the court may direct;

(5) perform such duties with respect to persons on parole as the commissioner shall request, and in such service shall be termed a parole officer.

In our view it is the Commissioner, not the superior court, who is charged with the responsibility for the day-to-day operation of the probation service. The methods and equipment to be used by probation officers fall within the ambit of this responsibility. Merely because probation officers are officers of the court and subject to its authority by virtue of AS 33.05.030 does not mean that the court has administrative authority over them. The court

may direct individual probation officers to perform appropriate services, but it may not control the details by which those services are accomplished by establishing general policies. We hold that the court may not under the guise of an exercise of its authority to direct probation officers propound a firearms policy.[1]

Appellees also seek to analogize the provisions of AS 33.05 to those of the federal act from which it is partially drawn. Under 18 U.S.C. §§ 3651–3656, federal courts determine whether or not probation officers under their direction carry concealed weapons. However, under the federal act, probation officers are under the complete administrative control of the judiciary, and therefore the analogy fails. *See* 18 U.S.C. 3654, 3656.

█ Considering this case as one in which the court is acting in a judicial rather than an administrative role, the court's order is also erroneous. The subject matter is committed to the discretion of the Commissioner. Since it is not claimed that the Commissioner's policy violates any constitutional, statutory or administrative rights or provisions there is nothing here which is subject to judicial review. *Public Defender Agency v. Superior Court*, 534 P.2d 947, 950–51 (Alaska 1975).

The order is REVERSED.

---

1. An exception exists regarding firearms in the courtroom; the court has inherent authority to control, prohibit or direct the possession of firearms on court premises.